UNITED STATES DISTRICT COURT FILED 28 AUG '18 12:36 USDC-ORE

**for the**

# District of OREGON

Eugene, Oregon

------------------------------------------------------------

| | |
|---|---|
| Ricky R. Wascher, <br> and <br> Patricia B. Wascher, <br><br>      Plaintiffs. <br><br> **v.** <br><br> The State of Wisconsin-Department of Revenue ("DOR"), <br> The State of Wisconsin-Tax Appeals Commission ("TAC"), <br> Patrick Clark, <br> Carrie Kloss, <br> Kevin Brandt, <br> Mary Nelson, <br> Maia Pearson, <br> Bonnie Jorstad, <br><br> John Doe (fictitious), <br> Jane Doe (fictitious), <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 6:18-cv-1588-MC <br><br>    **VERIFIED CIVIL COMPLAINT** <br><br>        for: <br><br> **RACKETEERING (RICO); ENGAGING IN and CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY; AND RELATED CLAIMS** <br><br><br>      **A JURY IS REQUESTED** |

------------------------------------------------------------

## COMPLAINT

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

| | |
|---|---|
| Names: | Ricky R. Wascher and Patricia B. Wascher |
| Address: | 2868 Sunnyview Lane <br> Eugene, Lane County <br> Oregon 97405 |
| | |
| Telephone: | 541-654-4569 |
| E-mail: | Rick@QCduck.com |

Page 1 of 23.

(2456

**B.    The Defendant(s)**

**A copy of the complaint is being served on the Defendants using a Waiver of Summons procedure as set forth on Page 23 hereof.**

**State of Wisconsin-Department of Revenue** ("DOR" or "Defendant-DOR")
(Wisconsin State Government Agency)
2135 Rimrock Road, P.O. Box 8906
Madison, Wisconsin 53708-8906
608-264-4246

**Patrick Clark,** Title Un-identified
(Individual-Unknown; Presumed employee of the DOR; No title available on filing.)
Address: DOR (See above)

**Kevin Brandt**, Revenue Audit Supervisor
(Individual-Presumed employee of the DOR; Presumed subordinate to Patrick Clark.)
Address: DOR (See above)
*Relationship(s)*: Patrick Clark.

**Mary Nelson,** Tax Resolution Management Supervisor (Attorney ?)
(Individual-Presumed employee of the DOR) (Supervisor of Carrie Kloss (below))
Address: DOR (See above)

**Carrie Kloss,** Resolution Officer (Attorney ?)
(Individual-Presumed employee of the DOR; Subordinate to Mary Nelson.)
Address: DOR (See above)
*Relationship(s)*: Mary Nelson; Patrick Clark

**Maia Pearson**, Revenue Agent
(Individual-Presumed employee of the DOR; Collections?)
Address: DOR (See above)

**State of Wisconsin-Tax Appeals Commission** ("TAC" or "Defendant-TAC")
(Wisconsin State Government-Tax Division)
5005 University Avenue, Suite 110
Madison, Wisconsin 53705
608-266-1391

**Bonnie Jorstad,** Clerk (Individual-Presumed employee of the TAC.)
Address: TAC (See above)

## II.    Jurisdiction.

This is a civil action for RICO remedies as authorized by the federal statutes referenced below; numerous predicate acts (as set forth in the Counts) each comprising an individual cause of action and comprising facts pertinent to the RICO action(s); for actual, consequential, and exemplary (e.g., punitive) damages, including treble damages allowed by statute; for declaratory and injunctive relief; and for all other relief which this honorable U.S. District Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT.  See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

This honorable District Court has original jurisdiction pursuant to the civil RICO remedies at 18 U.S.C. 1964 (a), and the holding of the U.S. Supreme Court in Tafflin v. Levitt, 493 U.S. 455 (1990). As such, this Court also has Original Jurisdiction for each and every cause of action as a predicate act and/or activity comprising the RICO Enterprise, Racketeering, and the elemental conspiracies and wrongdoing within.

A jury is requested.

## III.    Statement of Claim

### A. Introduction

The primary cause of this action is Defendant's *enterprise* engaged in a *pattern of racketeering activity* affecting interstate commerce and conducted across State lines; and Defendant's conspiracy to engage in *racketeering activity* involving numerous RICO predicate acts occurring within the past ten (10) calendar years.

The predicate acts alleged as Counts herein are numerous, and comprise individual causes of action against the Defendants, all of which prove the RICO violations of the Defendants. (The RICO predicate acts might, but likely do not, *appear* to be isolated events. They are actually part of the

Page 3 of 23.

overall *pattern of racketeering activity, conspiracy, etc.,* engaged in and committed by the Defendants. See also, 18 U.S.C. §§ 1341 and 1344, respectively.)

The Counts set forth below include, but are believed not limited to: Denial of Due Process, Fraudulent Misrepresentation (hereinafter "Fraud") including Mail Fraud, Wire Fraud, Conversion, Breach of Contract, Blackmail, Libel, Extortion, and withholding and tampering with documentary evidence, and possibly the commission of fraud in the acquisition of federal subsidies from the United States Government by fraudulent reporting tax liabilities of Wisconsin residents. See, 18 U.S.C. §§ 873, 875(d), 876(d), 1001, 1961, 1964, 1512, and 1513, and respectively.

### B. Counts.

In general, the Defendants racketeering *enterprise* and associated conspiracy, and their activities, including the predicate acts comprising the counts hereof, have been to extract money by threat, intimidation, force, coercion, defamation, fraud, breach of contract, denial of due process, violation of 1st Amendment Rights, and to inflict severe and sustained emotional, psychological, and ultimately physiological, and economic hardship upon Plaintiff, as well as to prevent the Plaintiffs from exercising their rights, operating their business, living peacefully, and benefiting from the laws of the United States of America as citizens. More specifically:

*(To the extent needed, the facts set forth within any Count herein are presumed incorporated herein by reference in any other count as needed.)*

[Counts ONE and TWO: RICO]

## COUNT ONE:

### A RICO Enterprise:

### Pattern of Racketeering Activity

*18 U.S. Code §§ 1961(5), 1962(c)*

At various times and places partially enumerated in the Counts, all verified with documents in hand, the Defendants did conduct and/or participate directly, or indirectly, in a RICO *enterprise* and engaged in a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

During the ten (10) calendar years preceding August 31, 2018, all Defendants did cooperate in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

Defendant-DOR and Defendant-TAC are being sued jointly and severally in this Count.

## COUNT TWO:

### Conspiracy

### to engage in a

### Pattern of Racketeering Activity

*18 U.S. Code §§ 1961(5), 1962(d)*

At various times and places partially enumerated in the other Counts, all verified with documents in hand, the Defendants did conspire to maintain a RICO *enterprise* and engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1962 (b)-(d).

During the ten (10) calendar years preceding August 31, 2018, all Defendants did cooperate in

the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962 (Prohibited activities).

Defendant-DOR and Defendant-TAC are being sued jointly and severally in this Count.

[Counts THREE through TWENTY-FIVE: Predicate Acts]

The remaining Counts (below) are themselves actionable and also partially comprise the RICO predicate acts committed by a Defendant, or some combination of multiple Defendants.

## COUNT THREE:

### Fraud

*18 U.S. Code § 1001, §1341, ...; Common Law*

By letter dated June 13, 2014, the Defendant-DOR informed the Plaintiffs of their review of Plaintiffs' 2013 Tax filing and requested information in support of an Earned Income Credit (EIC).

On page three of the letter, the Plaintiffs were informed their Earned Income Credit would be disallowed if they did not reply within 30 days, or if their reply was incomplete.

Plaintiffs chose not to reply within 30 days.

- By letter dated April 9, 2015, the Defendants informed the Plaintiffs the tax period under review is no longer limited to 2013, but would be enlarged to include all tax periods from 2010, 2011, 2012, and 2013.

Defendants fraudulently misrepresented facts and circumstances of the June 13, 2014 letter by unfairly and otherwise deceptively representing an unavailable course of resolution and thereafter coercively expanding the scope of the inquiry to include tax years 2010, 2011, and 2012, *__and matters well beyond the EIC.__*

## COUNT FOUR:

### Denial of Due Process

*U.S. Constitution 14th Amendment, and Other laws.*

On June 15, 2015, Plaintiffs intentionally filed an 18 page Appeal ("Plaintiff's Appeal") directly with the Tax Appeals Commission ("Defendant-TAC"). All of the formal requirements for a proper appeal were satisfied including the form, style, fee, and necessary factual components.

Plaintiffs's Appeal was properly filed, and sought reversal on numerous grounds including Defendant's a requirement for proof of marriage and legitimacy of our born children.

By letter dated June 15, 2015 from Defendant Ms. Bonnie Jorstad, Clerk for the Defendant Wisconsin Tax Appeals Commission ("TAC") returned the Plaintiffs' Appeal and their filing fee to the Plaintiffs.

Defendants action(s) resulted in Plaintiffs' loss and/or control of their valuable legal rights, and as a result the Plaintiffs incurred substantial actual damage.

## COUNT FIVE:

### Denial of Due Process

*U.S. Constitution 14th Amendment, and Other laws.*

By letter dated June 15, 2015 from Defendant Ms. Bonnie Jorstad, Clerk for the Defendant Wisconsin Tax Appeals Commission ("TAC") returned the Plaintiffs' Appeal and their filing fee to the Plaintiffs, AND sent Plaintiffs' Appeal to the Defendant-DOR without consultation or the permission of the Plaintiffs.

By letter dated August 13, 2015 from the Defendant-DOR, informed the Plaintiffs: "Thank you for your recent letter, which we consider an appeal of our tax Notice of Amount Due dated April 9,

2015." Plaintiffs *did not* send a June 15, 2015 letter or an appeal to the Defendant-DOR.

Defendant-TAC's action(s) resulted in Plaintiffs' loss of control of their valuable legal rights, thereby denying Plaintiffs their due process protections under the Constitution of the United States of America, and as a result the Plaintiffs incurred substantial actual damage.

## COUNT SIX:

### Denial of Due Process

*U.S. Constitution 14th Amendment, and Other laws.*

By letter dated October 26, 2015, the Defendant DOR informed the Plaintiffs their "recent letter" (See Count Five above) was referred to Defendant Carrie Kloss. The October 26, 2015 letter informed Plaintiffs, "Appeals are handled in the order received."

By letter from Defendant Carrie Kloss dated December 11, 2015 stated, "After fully considering your petition for redetermination of the additional assessment notice referred to above, we have determined that such petition is denied."

Plaintiffs did not send the "recent letter" dated June 15, 2015 letter or an appeal to the Defendant Carrie Kloss. Plaintiffs did not prepare or file a "petition for redetermination" of any kind anywhere.

Defendant's action(s) resulted in Plaintiffs' loss of control of their valuable legal rights, thereby denying Plaintiffs their due process protections under the Constitution of the United States of America, and as a result the Plaintiffs incurred substantial actual damage.

## COUNT SEVEN:

### Fraud; Fraud in the Inducement to Contract

#### *18 U.S. Code § 1001, §1341,...; Common Law*

In December 2015 Plaintiff had a telephone conversation with Ms. Carrie Kloss about an agreement to extend the time to provide additional information for the "mutual benefit" of both parties. The Stipulation and Agreement states: "*It would be to the mutual benefit to both the above named Taxpayer [the Plaintiffs herein] and the Wisconsin Department of Revenue.*"

A document titled "Notice of Action" dated December 11, 2015 encourages the Plaintiffs to execute and deliver a "Stipulation and Agreement" and includes this statement: "*This letter asks you to take action to protect your interests.*"

Plaintiffs detrimentally relied on the Defendants assurance the Taxpayers would receive mutual benefit from the additional time provided by the "Stipulation and Agreement." The "Stipulation and Agreement" was signed by the Taxpayer Rick Wascher on behalf of the Plaintiffs, and returned to Ms. Kloss at the Defendant-DOR. The agreed upon Stipulation and Agreement, modified for accuracy by the Plaintiffs, extended the period for response to August 31, 2016.

At all times the Taxpayers proceeded in good faith, but the DOR did not.

The Defendants sent the Plaintiff's a letter on March 24, 2016. The March 24th letter states in pertinent part: "*After fully considering your petition for redetermination of the additional assessment notice referred to above [the April 9, 2015 Notice referenced above under Count Three], we have determined that such petition is denied. Your appeal has been denied.*"

Plaintiffs did not prepare or send a "petition for redetermination", or an appeal, to the Defendant Carrie Kloss. Defendant Kloss's action(s) resulted in Plaintiffs' loss of control of their valuable legal rights, thereby denying Plaintiffs their due process protections under the Constitution of the United States of America, and as a result the Plaintiffs incurred substantial actual damage.

## COUNTS EIGHT through ELEVEN:

### Breach of Contract

*Common Law*

The above-referenced "Notice of Action" dated December 11, 2015 encouraged Plaintiffs "...*to take action to protect your interests.*" The resulting "Stipulation and Agreement" was intended to: "*be to the mutual benefit to both the above-named Taxpayers [the Plaintiffs herein] and the Wisconsin Department of Revenue.*" The Plaintiffs relied to their detriment on the statements and promises of the Defendants, but the Plaintiffs were denied their extension of time.

### Counts 8 and 9.

The names of both Plaintiffs Rick Wascher [Count 9] and Patricia Wascher [Count 10] were individually posted on the Defendant-DOR website identifying "Wisconsin Delinquent Taxpayers".

The 2007 Wisconsin Act 20 requires both, more than $5,000 owed AND amounts unpaid *more than 90 days* after all appeal rights have expired. The Plaintiffs' rights should not have been exhausted, until at least 90 days after August 31, 2016 as required by the Stipulation and Agreement purportedly benefiting the Taxpayer Plaintiffs and the Defendant DOR.

The Defendants denied Plaintiffs their rights and breached the contract.

### Count 10.

Using the information the Plaintiffs provided to the Defendants in good faith, in pursuit of an agreed upon resolution and in furtherance of the "mutual benefit" of the extended deadline promised to the Plaintiffs by written agreement, during the time for submissions of information under the Stipulation and Agreement (prior to August 31, 2016), the Defendants levied the Plaintiffs' PayPal bank account (i.e., took money) before August 31, 2016.

The Defendants breached the contract.

## Count 11.

The Plaintiffs were not given until August 31, 2016 to submit additional information to the Defendants.

The Defendants breached the contract.

## COUNT TWELVE:

### Conversion

*Common Law*

Using the information the Plaintiffs provided to the Defendants in good faith, in pursuit of an agreed upon resolution and in furtherance of the "mutual benefit" of the extended deadline promised to the Plaintiffs by written agreement, during the time for submissions of information under the Stipulation and Agreement (prior to August 31, 2016), the Defendants levied the Plaintiffs' PayPal bank account (i.e., took money) before August 31, 2016.

The Defendants are liable for Conversion of Plaintiffs' property.

## COUNT THIRTEEN:

### Defamation: Libel

*U.S. Constitution – First Amendment*

The facts set forth specifically for Count 12 (above) are incorporated herein by reference in this Count.

When the Defendants levied the Plaintiffs' PayPal bank account, they effectively published an unprivileged, false statement of fact about the Plaintiffs to PayPal (a third party), and caused material harm to the Plaintiffs by publishing said false statements of fact. (Plaintiffs are not public figures.)

## COUNTS FOURTEEN and FIFTEEN:

### Defamation: Libel

*U.S. Constitution – First Amendment*

The names of both Plaintiffs Rick Wascher [Count 14] and Patricia Wascher [Count 15] were individually posted on the DOR website identifying "Wisconsin Delinquent Taxpayers".

The 2007 Wisconsin Act 20 requires both, more than $5,000 owed AND amounts unpaid *more than 90 days* after all appeal rights have expired. The Plaintiffs' appeal rights should not have been exhausted until at least 90 days after August 31, 2016 as required by the Stipulation and Agreement supposedly mutually benefiting the Plaintiff-Taxpayers and the Defendant-DOR.

The Defendants, therefore, published or otherwise broadcasted an unprivileged, false statement of fact about the Plaintiffs, Ricky Wascher [Count 14] and his wife, Patricia Wascher [Count 15] causing material harm to the Plaintiffs. The Defendants did so intentionally, negligently, or with actual malice. Plaintiffs are not public figures.

## COUNTS SIXTEEN and SEVENTEEN:

### Defamation: Libel

*U.S. Constitution – First Amendment*

The facts set forth herein specifically for Counts 14 and 15 (above) are incorporated herein by reference in this Count.

As an attempt to mitigate the damage of an Internet Posting as set forth in Counts 14 and 15, Plaintiffs filed a "Petition for Compromise" with the Defendants. By letter dated September 15, 2016 from Maia Pearson for the Defendants, acting with actual malice, effectively informed Plaintiffs they would not proceed with Plaintiffs' Petition for Compromise, thereby causing additional harm to the

Plaintiffs good name and reputation.

The Defendants, therefore, published or otherwise broadcasted an unprivileged, false statement of fact about the Plaintiffs, Ricky Wascher [Count 16] and his wife, Patricia Wascher [Count 17] causing material harm to the Plaintiffs. The Defendants did so intentionally, negligently, or with actual malice. Plaintiffs are not public figures.

## COUNT EIGHTEEN:

### Extortion – Interstate Communications

### *18 U.S. Code §§ 875 (d)*

On October 15, 2016, the Defendant-DOR sent Plaintiffs a letter titled: "Notice of Intent to Offset Debt". The Defendants threatened to contact the Internal Revenue Service seeking the Plaintiffs' Federal Income Tax Return Refund for the year 2015. The Defendant's letter required the Plaintiffs to pay in full a sum of money allegedly due in order to stop the offset.

The Defendant-DOR, with intent to extort money from the Plaintiffs, transmitted in interstate commerce a communication containing a threat to injure the property or reputation of the Plaintiffs, and/or a threat to accuse the Plaintiffs of a crime, committed extortion via Interstate Communications.

## COUNT NINETEEN:

### Extortion – Mailing Threatening Communications

### *18 U.S. Code §§ 876 (d)*

The facts set forth specifically for Count 18 (above) are incorporated herein by reference in this Count.

The Defendant DOR, with intent to extort money from the Plaintiffs, knowingly deposited and caused to be delivered, a communication to the Plaintiffs containing a threat to injure the property or

reputation of the Plaintiffs, and/or a threat to accuse the Plaintiffs of a crime, committed extortion via the mailing of a threatening communication.

## COUNT TWENTY:

### Blackmail

### *18 U.S. Code §§ 873*

By letter dated May 29, 2018, the Defendant-DOR sent a letter to the Plaintiffs: "Notice to Contact Assigned Agent". The Defendant's letter was addressed and mailed to Rick Wascher, Oregon State University College of Business, the Plaintiff's employer.

Accordingly, the Defendant DOR, under a threat of informing, or as a consideration for not informing, against any violation of any law of the U.S.A., demanded money from the Plaintiff and is liable for blackmail.

## COUNT TWENTY-ONE:

### Extortion – Interstate Communications

### *18 U.S. Code §§ 875 (d)*

The facts set forth specifically for Count 20 (above) are incorporated herein by reference in this Count.

The Defendant-DOR, with intent to extort money from the Plaintiffs, transmitted in interstate commerce a communication containing a threat to injure the property or reputation of the Plaintiffs, and/or a threat to accuse the Plaintiffs of a crime. Defendant DOR committed extortion via Interstate Communications.

## COUNT TWENTY-TWO:

### Extortion – Mailing Threatening Communications

### *18 U.S. Code §§ 876 (d)*

The facts set forth specifically for Counts 20 & 21 (above) are incorporated herein by reference in this Count.

The Defendant DOR, with intent to extort money from the Plaintiffs, knowingly deposited and caused to be delivered at his place of employment, a communication to the Plaintiffs containing a threat to injure the property or reputation of the Plaintiffs, and/or a threat to accuse the Plaintiffs of a crime.

Defendant DOR committed extortion via the mailing of a threatening communication.

## COUNT TWENTY-THREE:

### Blackmail

### *18 U.S. Code §§ 873*

On October 15, 2016, the Defendant DOR sent Plaintiffs a letter titled: "Notice of Intent to Offset Debt". The Defendants threatened to contact the Internal Revenue Service seeking the Plaintiffs' Federal Income Tax Return Refund for the year 2015. The Defendant's letter required the Plaintiffs to pay in full a sum of money allegedly due in order to stop the offset.

Accordingly, the Defendants, under a threat of informing, or as a consideration for not informing, against any violation of any law of the U.S.A., demands or receives any money or other valuable thing, are liable for blackmail.

### COUNT TWENTY-FOUR:

#### Defamation: Libel

*U.S. Constitution – First Amendment*

The facts set forth specifically for Count 23 (above) are incorporated herein by reference in this Count.

When the Defendants contacted the Internal Revenue Service (IRS) seeking the Plaintiffs' Federal Income Tax Return Refund for the year 2015, they effectively published an unprivileged, false statement of fact about the Plaintiffs to IRS (a third party), and caused material harm to the Plaintiffs by publishing said false statements of fact. (Plaintiffs are not public figures.)

### COUNT TWENTY-FIVE:

#### Conversion

*Common Law*

Plaintiffs' originally filed tax return for the year 2013 included an amount due the Plaintiffs as a refund for their over-payment of tax. Defendants did not send the Plaintiffs a refund, or a refund less the EIC (See, Count 3 above) and thereby converted the sums due the Plaintiffs. The Defendants are liable for Conversion of Plaintiffs' property.

\* \* \*

*Considering the timing of the initiation of this action and the Plaintiffs not yet having the benefit of discovery in this suit, Plaintiffs hereby reserve the right to amend this Complaint to add additional Counts (i.e., causes of action) as facts become known during discovery.*

## IV.   Relief

*Wherefore*, pursuant to the statutes at 18 U.S.C. 1964 (a) and (c), and all other statutes and laws supporting all of the Counts presented herein, Plaintiffs request judgment, relief, and damages against all named Defendants as follows:

## RELIEF REQUESTED

## ON ALL COUNTS:

That all Defendants pay to Plaintiffs all damages sustained by Plaintiffs in consequence of Defendants' several violations according to the best available proof.

That judgment be entered for Plaintiffs and against all Defendants for Plaintiffs' actual damages, and for any gains, profits, or advantages attributable to all violations according to the best available proof.

That all Defendants pay to Plaintiffs the cost of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $500.00 per hour worked by the Plaintiff Ricky Wascher, and another $150.00 per hour for the Plaintiff Patricia Wascher. Plaintiff's rates are customary, standard, and within the range of reasonableness for work associated with this action.

That all Defendants pay to Plaintiffs Punitive damages in an amount determined by a jury deciding this case as requested.

That Plaintiffs have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

**ON COUNT ONE:**

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have operated as a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in a RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

3. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s) including any and all Federal monies or subsidies acquired as a result of the Defendants' actions against the Plaintiffs.

4. That judgment be entered for Plaintiffs and against all Defendants for Plaintiffs' actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

5. That all Defendants pay to Plaintiffs treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

**ON COUNT TWO:**

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to maintain a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5),

1962(b) and (d) *supra*.

2. That this Court liberally construe the RICO laws and thereby find the Defendants have conspired to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra*.

3. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s) including any and all Federal monies or subsidies acquired as a result of the Defendants' actions against the Plaintiffs.

4. That judgment be entered for Plaintiffs and against all Defendants for Plaintiffs' actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

5. That all Defendants pay to Plaintiffs treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

## ON COUNTS ONE A ND TWO:

Reservation of Plaintiffs' rights to possibly certify a class of similarly situated other Plaintiffs ("Additional Plaintiffs"), if Plaintiffs discover additional proofs suggesting justice and efficiencies are better served with multiple Additional Plaintiffs to a class action is hereby requested.

## ON COUNT THREE:

The Defendants be ordered to limit their inquiry to Tax Year 2013, and be forever enjoined from expanding their inquiry into any other tax year or period, partial or whole. Further, as additional relief requested in the alternative, Plaintiff further requests the Defendants be forever enjoined from any

inquiry into any tax year or period, partial or whole.

## ON COUNTS FOUR THROUGH SIX:

The Defendants be found liable of denying the Plaintiffs their basic rights of Due Process under the Laws of the United States of America, and all such acts be considered part of the Defendant's Racketeering activity/activities.

## ON COUNT SEVEN:

The Defendants be found liable of committing fraud, and acting in bad faith, when they induced the Plaintiff to enter into the Stipulation and Agreement, and all such acts be considered part of the Defendant's Racketeering activity/activities.

## ON COUNTS EIGHT THROUGH ELEVEN:

The Defendants be found liable for the multiple counts of breach of contract, and all such acts be considered part of the Defendant's Racketeering activity/activities.

## ON COUNT TWELVE:

The Defendant DOR be ordered to return to the Plaintiffs the amount of $605.59 associated with the levy of Plaintiffs' PayPal account plus interest and any penalty the court deems appropriate.

## ON COUNTS THIRTEEN THROUGH SEVENTEEN:

Forever enjoin Defendants from publishing the Plaintiffs names and/or identity on any website or list directly or indirectly related to Defendants' defamation of the Plaintiffs, and to compensate Plaintiffs for the damages they incurred, plus additional relief including punitive damages for Plaintiff's

loss of work opportunities, embarrassment, any and all reparable and irreparable harm and damage to their names and reputation as a consequence of Defendants defamatory practices.

**ON COUNTS EIGHTEEN THROUGH TWENTY-TWO:**

The Defendant-DOR be forever enjoined from pursuing, collecting, levying, attaching, or otherwise taking possession of any monies or property of the Plaintiffs, and forever enjoin Defendants from sending the Plaintiffs threats and threatening mailings in association with any collection, levy, attach, or take possession of any such monies and/or property from the Plaintiffs;

and to compensate Plaintiffs for the damages they incurred, plus ALL additional relief including punitive damages for Plaintiff's reparable and irreparable harm and damage to their names and reputation as a consequence of Defendants actions.

**ON COUNT TWENTY-FOUR and TWNENTY-FIVE:**

The Defendant DOR be ordered to pay the Plaintiffs their 2013 refund, plus interest, plus penalty of the type alleged by the Defendants against the Plaintiffs.

**ON COUNTS THREE THROUGH TWENTY-FIVE:**

That the Defendants pay Punitive damages to Plaintiffs.

## V.    Certification and Closing

By signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of FRCP Rule 11.

## VERIFICATION

I/We, Ricky R. Wascher and Patricia B. Wascher, Plaintiffs in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, that the above statement of facts and laws is true and correct, according to the best of our current information, knowledge, and belief, so help me/us God, pursuant to 28 U.S.C. 1746(1).

Further, we agree to provide the Clerk's Office with any changes to our address where case–related papers may be served. We understand that our failure to keep a current address on file with the Clerk's Office may result in the dismissal of our case.

Dated:    August 28, 2018

Signed:   /s/ Ricky R. Wascher

Printed:  Ricky R. Wascher, BS, JD

Dated:    August 28, 2018

Signed:   /s/ Patricia B. Wascher

Printed:  Patricia B. Wascher, BA

Page 22 of 23.

## Service of Process

A copy of the Complaint accompanying the following documents:


**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS;**

**WAIVER OF THE SERVICE OF SUMMONS ("Waiver") ; and**

**Pre-addressed, postage prepaid, envelope for return of the Waiver to the Plaintiffs.**


are sent to the Defendants representatives as follows:


- The General Counsel for the Defendant-DOR.

- The Attorney General for the State of Wisconsin for the Defendant-TAC.

- The Attorney General for the State of Wisconsin for All Defendants (including individuals).