IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICKY R. WASCHER and PATRICIA B. WASCHER, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WISCONSIN – DEPARTMENT OF REVENUE, STATE OF WISCONSIN – TAX APPEALS COMMISSION, PATRICIA CLARK, CARRIE KLOSS, KEVIN BRANDT, MARY NELSON, MAIA PEARSON, BONNIE JORSTAD, JOHN DOE and JANE DOE, <br><br> Defendants. | Civ. No. 6:18-cv-01588-MC <br><br> ORDER |

MCSHANE, Judge:

Plaintiffs Ricky Wascher and Patricia Wascher bring this action for RICO conspiracy, racketeering, fraud, breach of contract, conversion, libel, extortion, and blackmail against the Wisconsin Department of Revenue, the Wisconsin Tax Appeals Commission, and various individual defendants. Defendants move to dismiss for lack of personal jurisdiction. Because Plaintiffs fail to allege that Defendants have sufficient contacts with the State of Oregon to support general or specific jurisdiction, the motion is GRANTED and the case is DISMISSED with prejudice.

1 –ORDER

**BACKGROUND**

Plaintiffs are Oregon residents who allege that Defendants engaged in racketeering by communicating with Plaintiffs regarding a review of their 2013 Wisconsin tax filing. Plaintiffs claim that Defendants impermissibly and maliciously expanded the scope of Plaintiffs' tax review when Plaintiffs refused to provide additional information regarding the 2013 filing.

The Wisconsin Department of Revenue and the Wisconsin Tax Appeals Commission are Wisconsin state agencies. Both agencies make determinations on various tax issues for the State of Wisconsin. They are not located in Oregon and do not conduct business in Oregon.

Plaintiffs allege thirty-two counts in their complaint related to Defendants' alleged conspiracy to engage in a pattern of racketeering activity and predicate acts. Plaintiffs request two million dollars in compensatory damages and additional punitive damages.

**DISCUSSION**

Defendants move to dismiss for lack of personal jurisdiction. Plaintiffs submit no response on the merits of the personal jurisdiction argument; instead arguing that the Fourteenth Amendment provides this Court with federal question jurisdiction over their claims anywhere in the United States. Whether a district court has federal question jurisdiction over a particular action, however, is a different question than whether a district court has personal jurisdiction over the particular defendants named in the action. Fed. R. Civ. P. 4(k)(1)(A) authorizes personal jurisdiction in federal court only as far as it would be authorized in state court. By failing to respond to Defendants' personal jurisdiction arguments, Plaintiffs implicitly concede that personal jurisdiction is not proper in this case. *See adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1076 (D. Or. 2008); *S. Nevada Shell Dealers Ass'n v. Shell Oil Co.*, 725 F. Supp. 1104, 1109 (D. Nev. 1989). As such, Defendants' motion is granted and the case is

dismissed. Despite the Plaintiff's failure to address the issue, it is clear, based on the allegations in the complaint, that this Court lacks personal jurisdiction over Defendants.[1] Because Plaintiffs proceed *pro se,* the basis for finding that the court lacks personal jurisdiction is discussed below.

Where, as here, there is no applicable federal statute governing personal jurisdiction, a district court must apply the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panvasion Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Oregon law authorizes personal jurisdiction to the full extent permitted by the Due Process Clause of the U.S. Constitution. *See* Or. R. Civ. P. 4L. To comport with the requirements of due process, a court may only exercise personal jurisdiction over a non-resident defendant if that defendant has sufficient "minimum contacts" with the forum state, such that the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotation marks omitted). A defendant's minimum contacts may be established through a showing of either general or specific jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Plaintiffs bear the burden of establishing either basis for personal jurisdiction, addressed in turn.

## I. General Personal Jurisdiction

A defendant is subject to general jurisdiction if its contacts with the forum state are "so continuous and systemic as to render it essentially at home" there. *Daimler v. Bauman*, 571 U.S. 117, 127 (2014) (citations and quotation marks omitted).

---

[1] After Defendants moved to dismiss, Plaintiffs moved for leave to file a Third Amended Complaint. Notably, the Third Amended Complaint drops the individual defendants from the case. As a result, I discuss only the parties' arguments for personal jurisdiction over the state defendants. However, the Third Amended Complaint does not allege any facts resulting in this Court having personal jurisdiction over Defendants and would not change the outcome of this case. Lastly, because granting leave to file the Third Amended Complaint would be futile, the motion is denied.

3 –ORDER

Here, there is no evidence that Defendants have sufficient contacts to support general jurisdiction in Oregon. Defendants are Wisconsin State tax agencies that have no regular contacts with Oregon. To the extent that they interact with residents outside of Wisconsin, it is only to collect taxes owed to Wisconsin or resolve disputes thereof. Such contacts do not "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (citation omitted). It would therefore be inconsistent with due process for the Court to exercise general jurisdiction over Defendants.

## II. Specific Personal Jurisdiction

In the Ninth Circuit, courts apply a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). A plaintiff bears the burden of establishing the first two elements of the test, after which the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewic*, 471 U.S. 462, 477 (1985). "[I]f the plaintiff fails at the first step," however, "the jurisdictional inquiry ends." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

The Ninth Circuit analyzes the purposeful direction requirement for cases sounding in tort using the "effects" test from *Calder v. Jones,* 465 U.S. 783 (1984). Plaintiffs bring a number of claims, but the case primarily falls under a civil RICO action, which sounds primarily in tort.

*See Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 991 (C.D. Cal. 2013) (fraud and RICO wire transfer violations sound in tort).

The "effects" test requires that the defendant allegedly have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

It is clear that Defendants intentionally communicated with Plaintiffs regarding their Wisconsin tax liability. We therefore move to the second element to determine if Defendants' actions were "expressly aimed" at the forum state. To make this determination, courts look at "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Moreover, a "mere injury to a forum resident is not a sufficient connection to the forum." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (citing *Walden*, 571 U.S. at 290).

Here, the only contacts Defendants have to the State of Oregon are the Plaintiffs. They directed communications to Plaintiffs alone and affected no one other than Plaintiffs. Under these facts, Defendants cannot have "expressly aimed" their actions at Oregon. As prior residents of Wisconsin with outstanding tax liability, Plaintiffs' injuries are "entirely personal" and "would follow [them] wherever [they] might choose to live or travel." *Id.* at 1215. Therefore, Plaintiffs have failed to meet their burden of establishing specific personal jurisdiction over Defendants.

Additionally, even assuming plaintiffs met the first two prongs for establishing specific jurisdiction, the third prong—that jurisdiction must be reasonable—tilts sharply in defendants' favor. Plaintiffs' tax dispute arose when plaintiffs were residents of Wisconsin. The gist of

plaintiffs' tax dispute, which makes up the basis of their alleged federal claims, requires the interpretation of Wisconsin tax laws and regulations.[2] Although plaintiffs later moved to Oregon, the mere fact that defendants mailed correspondence to plaintiffs in their new residence, which happened to be in Oregon, does not make specific jurisdiction over defendants in Oregon reasonable.

Accordingly, the Court finds that it would be inconsistent with due process to exercise specific jurisdiction over Defendants. Without a basis for general or specific jurisdiction, Plaintiffs cannot move forward with their case in Oregon courts.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED and the case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 13th day of December, 2018.

_____/s/ Michael McShane_____
Michael J. McShane
United States District Judge

---

[2] Plaintiffs take great offense to the Tax Appeals Commission forwarding their appeal to the Department of Revenue. But rather than violate Plaintiffs' rights (as alleged here), this appears to be a simple act of courtesy as one disagreeing with a Notice of Amount Due (as Plaintiffs certainly did here) must file an appeal not with the Tax Appeals Commission (as Plaintiffs did), but with the Department of Revenue. It is only after receiving an adverse decision from the Department of Revenue that one may appeal to the Tax Appeals Commission. https://www.revenue.wi.gov/DOR%20Publications/pb505.pdf (last visited November 29, 2018). Additionally, Plaintiffs' claim that a Department of Revenue may not expand an inquiry based on information revealed during an investigation of a tax filing is, to put it mildly, somewhat implausible. Labelling such an investigation a "conspiracy," "fraud," or "a pattern of racketerring activity" borders, even at the motion to dismiss stage, as a frivolous claim. Even assuming this Court had personal jurisdiction over the defendants, Plaintiffs allegations must be plausible in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).